

ORIGINAL

1   VENABLE LLP
    Sharoni S. Finkelstein (SBN 271829)
2   Melissa C. McLaughlin (SBN 273619)
    Email:    ssfinkelstein@venable.com
3             mcmclaughlin@venable.com
    2049 Century Park East, Suite 2300
4   Los Angeles, CA 90067
    Telephone: (310) 229-9900
5   Facsimile: (310) 229-9901

6   VENABLE LLP
    Marcella Ballard (To Be Admitted *Pro Hac Vice*)
7   Victoria R. Danta (To Be Admitted *Pro Hac Vice*)
    Email:    mballard@venable.com
8             vrdanta@venable.com
    1270 Avenue of the Americas, 24th Floor
9   New York, NY 10020
    Telephone: (212) 307-5500
10  Facsimile: (212) 307-5598

11  Attorneys for Plaintiffs North Atlantic
    Operating Company, Inc. and
12  National Tobacco Company, L.P. LACV 17  05920-VAP-AFMx

13              UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16  NORTH ATLANTIC OPERATING          CASE NO.
    COMPANY, INC.; and NATIONAL
17  TOBACCO COMPANY, L.P.,            **COMPLAINT**

18                Plaintiffs,         **DEMAND FOR JURY TRIAL**

19          v.
                                      **FILED UNDER SEAL**
20  LA PRICE CHECK, LLC;              **PURSUANT TO 15 U.S.C. § 1116**
    KHAIRUNNISH RAJANI; NEW
21  RAINBOW, INC.; SHAUKAT ALI
    RAJANI; MJ WHOLESALE USA INC.;
22  and JOHN DOES #1 thru #99, inclusive,

23                Defendants.

24

25

26

27

28

COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

LODGED
CLERK, U.S. DISTRICT COURT

AUG - 9 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

PAID

AUG - 9 2017

Clerk, US District Court
COURT 4612

FILED
CLERK, U.S. DISTRICT COURT

AUG 10 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

**AUG 10 2016**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____**RS**_____ DEPUTY

1  VENABLE LLP
   Sharoni S. Finkelstein (SBN 271829)
2  Melissa C. McLaughlin (SBN 273619)
   Email:   ssfinkelstein@venable.com
3             mcmclaughlin@venable.com
   2049 Century Park East, Suite 2300
4  Los Angeles, CA  90067
   Telephone:  (310) 229-9900
5  Facsimile:  (310) 229-9901

6  VENABLE LLP
   Marcella Ballard (To Be Admitted *Pro Hac Vice*)
7  Victoria R. Danta (To Be Admitted *Pro Hac Vice*)
   Email:       mballard@venable.com
8                vrdanta@venable.com
   1270 Avenue of the Americas, 24th Floor
9  New York, NY  10020
   Telephone:  (212) 307-5500
10 Facsimile:  (212) 307-5598

11 Attorneys for Plaintiffs North Atlantic
   Operating Company, Inc. and
12 National Tobacco Company, L.P.

13          **UNITED STATES DISTRICT COURT**

14       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15              **WESTERN DIVISION**

16 NORTH ATLANTIC OPERATING          **CASE NO.** CV17-05920-VAP(AFMx)
   COMPANY, INC.; and NATIONAL
17 TOBACCO COMPANY, L.P.,           **COMPLAINT**

18              Plaintiffs,          **DEMAND FOR JURY TRIAL**

19         v.

20 LA PRICE CHECK, LLC;              **FILED UNDER SEAL**
   KHAIRUNNISH RAJANI; NEW          **PURSUANT TO 15 U.S.C. § 1116**
21 RAINBOW, INC.; SHAUKAT ALI
   RAJANI; MJ WHOLESALE USA INC.;
22 and JOHN DOES #1 thru #99, inclusive,

23              Defendants.

24

LODGED
CLERK, U.S. DISTRICT COURT

AUG - 9 2017

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

25

26

27

28

COMPLAINT

Plaintiff North Atlantic Operating Company, Inc. ("NAOC"), and its affiliated company, Plaintiff National Tobacco Company, L.P. ("NTC") (together, "North Atlantic"), by and through their attorneys, for their complaint against Defendants LA Price Check, LLC; Khairunnish Rajani; New Rainbow, Inc.; Shaukat Ali Rajani; MJ Wholesale USA Inc., and John Does #1 thru #99 (collectively, "Defendants"), allege as follows:

### The Nature of the Action

1.      This is an anti-counterfeiting action against those who manufacture, sell, or otherwise distribute counterfeit versions of North Atlantic's highly popular ZIG-ZAG® cigarette paper products.

2.      As detailed below, Defendants have been distributing purported ZIG-ZAG® cigarette paper products in packaging bearing counterfeit versions of North Atlantic's ZIG-ZAG® and NAOC® Trademarks, and unauthorized reproductions of North Atlantic's NAOC© Copyright (as defined herein).  The purported ZIG-ZAG® products are not distributed by North Atlantic, and they are inferior to North Atlantic's ZIG-ZAG® cigarette paper products and appear to be sold without any known quality control standards or authorization.

3.      Defendants' products are not authentic, but, in fact, are counterfeit products, housed in cheap knock-off packaging, that can be distinguished from authentic products once one knowns what to look for.  Ordinary consumers, however, will mistakenly purchase the fake knockoffs at the point of sale.

4.      North Atlantic has collected and analyzed purported ZIG-ZAG® cigarette paper products sold by Defendants and confirmed, in each case, that the products are counterfeit and bear counterfeit ZIG-ZAG® and NAOC® Trademarks.  It is impossible for North Atlantic to verify the conditions under which these counterfeit products are manufactured, stored, and sold – and thus, North Atlantic has irretrievably lost the ability to control the quality and relative safety of products sold under its brands.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

5.      North Atlantic has spent significant financial and human capital investigating Defendants, making controlled purchases (also called "controlled buys"), and documenting Defendants' counterfeiting.  As detailed below, North Atlantic believes Defendants in this action are large-scale distributors responsible for selling at least six-hundred and seventy-nine (679) cartons of counterfeit ZIG-ZAG® cigarette paper products in the United States—and these are just the sales that North Atlantic knows about.

6.      Defendants also appear to be willful counterfeiters who used the phrasing "counterfeit" and "genuine" to refer to ZIG-ZAG® cigarette paper products sold to undercover investigators.  Defendants also refused to issue receipts (or issued falsified receipts), apparently to avoid detection for counterfeiting.  Defendants stated they had access to thousands more cartons of "counterfeit" ZIG-ZAG® Orange at below-market prices.  Defendants thus know they are counterfeiting and do not intend to stop.

7.      Thus, North Atlantic brings this action for:

        A. Trademark infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114);

        B. False designation of origin, unfair competition, and trademark and trade dress infringement, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

        C. Copyright infringement, in violation of the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*);

        D. Unfair competition under California law; and

        E. Common law unfair competition.

///

///

///

///

COMPLAINT

**The Parties**

The Plaintiffs

8.     NAOC is a corporation organized and existing under the laws of the State of Delaware with an office and principal place of business at 5201 Interchange Way, Louisville, Kentucky 40229.

9.     NTC is a limited partnership organized and existing under the laws of the State of Delaware with an office and principal place of business at 5201 Interchange Way, Louisville, Kentucky 40229.

10.     Together, NAOC and NTC are the exclusive U.S. licensees of the world-famous ZIG-ZAG® brand cigarette paper products, and ZIG-ZAG® Trademarks (defined below).  They have full right and authority to bring this lawsuit to enforce the ZIG-ZAG® intellectual property rights, as well as their own rights in and to the NAOC® Trademarks and Copyright (defined below).

The Defendants

11.     Defendant LA Price Check, LLC is a California limited liability company with a registered address and principal place of business at 305 East 4th Street, Los Angeles, California 90013.

12.     Upon information and belief, Defendant LA Price Check, LLC is involved in the willful sale and distribution of counterfeit ZIG-ZAG® cigarette paper products to wholesalers, retailers, and others in the greater Los Angeles area and nationwide.

13.     Defendant Khairunnish Rajani is an individual residing in California with an address of 305 East 4th Street, Los Angeles, California 90013.

14.     Upon information and belief, Defendant Khairunnish Rajani is an owner and officer of Defendant LA Price Check, LLC, and is involved in the willful sale and distribution of counterfeit ZIG-ZAG® cigarette paper products to wholesalers, retailers, and others in the greater Los Angeles area and nationwide.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

3

15.     Defendant New Rainbow, Inc. is a California company with a registered address and principal place of business at 305 East 4th Street, Los Angeles, California 90013.

16.     Upon information and belief, Defendant New Rainbow, Inc. is involved in the willful sale and distribution of counterfeit ZIG-ZAG® cigarette paper products to wholesalers, retailers, and others in the greater Los Angeles area and nationwide.

17.     Defendant Shaukat Ali Rajani is an individual residing in California with an address of 305 East 4th Street, Los Angeles, California 90013.

18.     Upon information and belief, Defendant Shaukat Ali Rajani is an owner and officer of Defendant New Rainbow, Inc., and also operates Defendant LA Price Check LLC.

19.     Upon information and belief, Defendant Shaukat Ali Rajani is involved in the willful sale and distribution of counterfeit ZIG-ZAG® cigarette paper products to wholesalers, retailers, and others in the greater Los Angeles area and nationwide.

20.     Defendant MJ Wholesale USA Inc. ("MJ Wholesale") is a California company with a registered address and principal place of business at 320 S. Wall Street, Ste E & F, Los Angeles, California 90013.

21.     Upon information and belief, Defendant MJ Wholesale is involved in the willful sale and distribution of counterfeit ZIG-ZAG® cigarette paper products to wholesalers, retailers, and others in the greater Los Angeles area and nationwide.

22.     North Atlantic does not know the true names and capacities of the Defendants sued herein as JOHN DOES ONE through NINETY-NINE, inclusive. It therefore sues these Defendants by such fictitious names.  North Atlantic will amend this Complaint to allege the true names and capacities of these Defendants if/when it ascertains the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

4

**Jurisdiction and Venue**

23.    This Court has subject matter jurisdiction over North Atlantic's Lanham Act and Copyright Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

24.    This Court has subject matter jurisdiction over North Atlantic's California law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

25.    This Court has personal jurisdiction over each of the Defendants because each Defendant has had continuous, systematic, and substantial contacts with the State of California, including doing business in California and having a place of business within California.

26.    Each Defendant is subject to general personal jurisdiction in California and can be sued here on any claims.

27.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that, among other things, a substantial portion of the events or omissions giving rise to this action (sales of counterfeit or otherwise infringing products) occurred in this District.

**Factual Allegations**

**North Atlantic's ZIG-ZAG® Brand Products**

28.    Since 1938, North Atlantic and its predecessor-in-interest have continuously distributed ZIG-ZAG® brand cigarette paper products in the United States.

29.    In 1997, North Atlantic was established to be the exclusive U.S. distributor of authentic ZIG-ZAG® brand cigarette paper products.

30.    Authentic ZIG-ZAG® brand cigarette paper products come in several varieties, which differ in thickness, quality of paper, size, and the like.

31.    Among the cigarette paper products distributed by North Atlantic in the United States are ZIG-ZAG® 1 ¼ Size French Orange ("ZIG-ZAG® Orange")

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1  (booklet shown below):



2
3
4
5
6
7
8
9
10
11

12    32.    Authentic ZIG-ZAG® Orange cigarette paper products are described

13  as easy rolling, slow-burning classic papers.

14    33.    Authentic ZIG-ZAG® Orange products are manufactured in France

15  from high quality ingredients.

16    34.    Authentic ZIG-ZAG® Orange products are imported into the United

17  States by North Atlantic through a single port of entry.

18    35.    North Atlantic subjects all authentic ZIG-ZAG® Orange products and

19  packaging to strict quality control standards, including inspections to ensure the

20  products and packaging correctly display the ZIG-ZAG® and NAOC®

21  Trademarks, and other source identifiers, described below.

22    36.    North Atlantic strives to ensure that all authentic ZIG-ZAG® Orange:

23         A. Is of uniform high quality;

24         B. Meets with North Atlantic's precise quality standards; and

25         C. Properly displays the ZIG-ZAG® and NAOC® Trademarks

26           and other source identifiers (defined herein).

27    37.    If the authentic ZIG-ZAG® Orange products and packaging pass

28  North Atlantic's rigorous inspection, they are sold directly to North Atlantic's

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1    "direct accounts" (for the most part, wholesale distributors throughout the United

2    States).

3        38.    North Atlantic's direct accounts then distribute the products to

4    retailers and, in some cases, to other wholesalers.

5        39.    Ultimately, the products are purchased, used, and ingested by U.S.

6    consumers, many of whom prefer to roll their own smoking products and who have

7    been loyal ZIG-ZAG® and North Atlantic customers for years.

8

9                    **North Atlantic's ZIG-ZAG® and NAOC® Trademarks**

10       40.    As described below, all authentic ZIG-ZAG® Orange cigarette paper

11   products and packaging have continuously displayed the following valid and

12   subsisting trademarks, all of which are registered on the Principal Register in the

13   U.S. Patent and Trademark Office ("USPTO"), and which have become legally

14   incontestable:

15              A. U.S. Registration No. 610,530 for ZIG-ZAG (stylized);

16

17   

18

19              B. U.S. Registration No. 1,127,946 for ZIG-ZAG (Word Mark);

20                       **ZIG ZAG**

21              C. U.S. Registration No. 2,169,540 for the Smoking Man Design

22                 (Circle Border);

23

24

25   

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

7

D. U.S. Registration No. 2,169,549 for the Smoking Man Design (No Border);



(together, the "ZIG-ZAG® Trademarks") (true and accurate copies of the records from the USPTO denoting the current status of the federal trademark registrations for the ZIG-ZAG® Trademarks are annexed hereto as Exhibit 1).

41.     North Atlantic has exclusive rights to distribute cigarette paper products bearing the ZIG-ZAG® Trademarks under an exclusive trademark licensing and distribution agreement with the trademark registrant, French company Bolloré, S.A.  The same agreement grants North Atlantic exclusive use and enforcement rights, including the right to sue civilly to protect the licensed rights.

42.     North Atlantic also owns federal trademark registrations and common-law rights for the following North Atlantic Operating Company, Inc. trademarks, which also appear on the Principal Register in the USPTO and have become incontestable:

A. U.S. Registration Nos. 2,664,694 and 2,664,695 for NORTH ATLANTIC OPERATING COMPANY INC. and Gear Design:



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

8

B. U.S. Registration Nos. 2,610,473 and 2,635,446 for NORTH ATLANTIC OPERATING COMPANY (Word Mark):

NORTH ATLANTIC OPERATING COMPANY

(together, the "NAOC® Trademarks") (true and accurate copies of the records from the USPTO denoting the current status of the federal trademark registrations for the NAOC® Trademarks are annexed hereto as Exhibit 2).

43.    Like the ZIG-ZAG® Trademarks, the NAOC® Trademarks have been continuously used on all authentic ZIG-ZAG® Orange distributed by North Atlantic in the United States.

44.    Because of its tremendous sales history, and because of the exclusive, lengthy, and extensive use of the ZIG-ZAG® and NAOC® Trademarks on goods of superior quality, North Atlantic has developed substantial goodwill and a strong reputation as the exclusive source of high-quality ZIG-ZAG® cigarette paper products in the United States.

45.    North Atlantic also has become known, nationwide, as the exclusive U.S. source of authentic ZIG-ZAG® Orange, and U.S. consumers have come to associate those products with North Atlantic.

46.    Thus, the ZIG-ZAG® and NAOC® Trademarks are legally famous and deserving of the highest level of protection under U.S. law.

**North Atlantic's NAOC© Copyright**

47.    North Atlantic also owns the federal copyright registration for the visual material/computer graphic titled, "North Atlantic Operating Company, Inc." (the "NAOC© Copyright") (a true and accurate copy of the U.S. registration certificate issued by the U.S. Copyright Office to North Atlantic is annexed hereto as Exhibit 3).

48.    Currently, and at all relevant times, North Atlantic has been the sole

9

1   owner of all rights, title, and interest in and to the NAOC© Copyright.

2      49.   The NAOC© Copyright also appears on all authentic ZIG-ZAG®

3   Orange distributed by North Atlantic in the United States.

4

5          **North Atlantic's Highly Distinctive Product Packaging**

6      50.   The product packaging for North Atlantic's authentic ZIG-ZAG®

7   Orange is also highly distinctive.

8      51.   As illustrated below, North Atlantic's authentic ZIG-ZAG® Orange

9   packaging features: (a) the ZIG-ZAG® and NAOC® Trademarks; (b) the NAOC©

10   Copyright; (c) gold-fill lettering and design elements; (d) French phrases such as

11   "Qualite Superieure" and "Braunstein Freres France;" and (e) the express

12   statement that such products are "Made in France" or "Imported French," and are

13   "Distributed by North Atlantic Operating Company, Inc."

14

**Booklet (inside)**



COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Booklet (cover)



(ZIG-ZAG® Trademarks, including ZIG-ZAG® (stylized), ZIG-ZAG® (Word Mark) and Smoking Man Design (Circle Border and No Circle Border); the NAOC® Trademarks, including the NORTH ATLANTIC OPERATING COMPANY, INC. and Gear Design and the NORTH ATLANTIC OPERATING COMPANY (Word Mark); and the NAOC© Copyright)

11

**Carton (top view)**



COMPLAINT

**Carton (side view)**



(ZIG-ZAG® and NAOC® Trademarks and NAOC© Copyright)

(together, the "ZIG-ZAG® Orange Trade Dress") (8 ½" x 11" versions of the above photographs are annexed hereto as <u>Exhibit 4</u>).

52.    Currently, and at all relevant times, North Atlantic has used the ZIG-ZAG® Orange Trade Dress in commerce in the United States, and U.S. consumers instantly recognize it as a source identifier denoting North Atlantic, because of North Atlantic's lengthy and continuous use of the ZIG-ZAG® Orange Trade Dress in connection with the sale, in commerce, of ZIG-ZAG® Orange.

53.    Each element of the ZIG-ZAG® Orange Trade Dress is arbitrary, non-functional, and highly distinctive.

54.    The overall look-and-feel of the ZIG-ZAG® Orange Trade Dress is arbitrary, non-functional, and highly distinctive.

55.    For years, North Atlantic has extensively and continuously used the

13

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   ZIG-ZAG® Orange Trade Dress on superior quality goods.

2       56.    The ZIG-ZAG® Orange Trade Dress has become distinctive over

3   time through the acquisition of secondary meaning.

4       57.    Upon information and belief, U.S. consumers who see the ZIG-ZAG®

5   Orange Trade Dress instantly associate it with North Atlantic as a source identifier,

6   and they do not associate it with any other source.

7

8   **Defendants' Willful Infringing Activities**

9       58.    Based on North Atlantic's investigation to date, Defendants have been

10   engaged in a widespread, unlawful scheme of acquiring, selling, and distributing

11   counterfeit ZIG-ZAG® cigarette paper products, specifically, counterfeit ZIG-

12   ZAG® Orange.

13       59.    Upon information and belief, Defendants' misconduct in engaging in

14   this counterfeiting scheme is *willful* because the Defendants know their purported

15   ZIG-ZAG® Orange is counterfeit, but they distribute it anyway to maximize

16   financial gain.

17       60.    The key to Defendants' scheme is the use of knockoff packaging that

18   closely simulates the packaging of authentic ZIG-ZAG® Orange distributed by

19   North Atlantic—namely, packaging that bears counterfeit versions of the ZIG-

20   ZAG® and NAOC® Trademarks, and unauthorized, unlicensed reproductions of

21   the NAOC© Copyright, and that contains papers and packaging that are not

22   manufactured pursuant or subject to North Atlantic's strict quality control

23   standards.

24       61.    Upon information and belief, Defendants are obtaining and reselling

25   purported ZIG-ZAG® Orange at prices far below the lowest available price that

26   North Atlantic offers to its authorized dealers.

27       62.    Defendants' counterfeit ZIG-ZAG® Orange cartons and booklets also

28   differ from authentic cartons and booklets in important ways.  Without limitation:

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

A. Defendants' purported ZIG-ZAG® Orange is not the same size or dimensions as authentic ZIG-ZAG® Orange.

B. The packaging is of a noticeably cheaper quality.

C. The papers are shoddy and have a faster, hotter burn rate, potentially ruining consumers' smoking experiences.

63.     Upon information and belief, Defendants' purported ZIG-ZAG® Orange is bought for far less money that Defendants would spend on authentic products, which underscores their counterfeit nature and deprives North Atlantic of sales it would have earned, but for Defendants' counterfeiting.

64.     Upon information and belief, each sale of counterfeit ZIG-ZAG® Orange replaces the sale of authentic ZIG-ZAG® Orange on, at least, a one-for-one basis.

65.     Thus, every sale of counterfeit ZIG-ZAG® Orange Defendants make deprives North Atlantic of at least an equivalent amount of sales of authentic ZIG-ZAG® Orange.

66.     The economic harm to North Atlantic may be even greater than this, if consumers are disappointed with the quality of Defendants' counterfeit products and decide to switch to another competing brand.

67.     There are other differences between counterfeit and authentic products that make it harmful for the products to enter the marketplace.

68.     The differences between counterfeit and authentic products also make it possible for North Atlantic's product quality personnel to tell them apart.

69.     Consumers who purchase and use the counterfeit products, however, are unlikely to be able to tell the difference between counterfeit and authentic products, even if they have been loyal ZIG-ZAG® or North Atlantic customers for years.

70.     Thus, any disappointment or harm the customers experience as a result of buying, using, or ingesting counterfeit products is likely to be mistakenly

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

15

attributed to North Atlantic, instead of to Defendants and other counterfeiters who sell the counterfeit products.

71.     North Atlantic cannot tell what conditions the counterfeit products have been subjected to, and it cannot vouch for the quality of the ingredients used to make them (even though they are distributed in packaging displaying North Atlantic's registered and licensed trademarks, and the false phrase "Distributed by North Atlantic Operating Company, Inc.").

72.     Upon information and belief, Defendants have been selling their counterfeit ZIG-ZAG® Orange to wholesalers in large quantities for significant profits.  If initially sold to other wholesalers, those secondary wholesalers then in turn sell the counterfeit ZIG-ZAG® Orange to retailers.  Regardless of whether there are intermediate wholesalers, once the retailers obtain the counterfeit ZIG-ZAG® Orange, they sell the counterfeit ZIG-ZAG® Orange in the same retail outlets where consumers would expect to find authentic ZIG-ZAG® Orange.  This causes the counterfeit products to compete with authentic products on at least a one-for-one basis.

73.     Upon information and belief, none of the Defendants are authorized or licensed to sell or distribute any infringing products bearing the ZIG-ZAG® Trademarks.

74.     No Defendants are licensed to sell or distribute any infringing products bearing the NAOC® Trademarks.

75.     No Defendants have been authorized or licensed by North Atlantic to sell or otherwise distribute any products or packaging that simulate North Atlantic's ZIG-ZAG® Orange Trade Dress, or that display reproductions or exact copies of the NAOC© Copyright.

76.     Yet, Defendants have done exactly this, willfully, to earn potentially thousands of dollars' worth of illicit profits, obtained from their sale of counterfeit ZIG-ZAG® Orange.

COMPLAINT

**Defendants' Sale/Distribution of Counterfeit Products**

77.    North Atlantic has fresh evidence that the Defendants are willfully selling and distributing counterfeit ZIG-ZAG® Orange in this judicial district (the greater Los Angeles area) and nationwide.

78.    Collectively, Defendants have sold seventy-nine (79) cartons of confirmed counterfeit ZIG-ZAG® Orange to North Atlantic representatives.

79.    Collectively, Defendants sold at least six-hundred (600) cartons of confirmed counterfeit ZIG-ZAG® Orange to other wholesalers, including wholesalers in Arizona and Texas.

80.    These are just the sales North Atlantic knows about. Extrapolating from these sales, Defendants are probably counterfeiting, and illicitly profiting, on a much larger scale.

81.    In each of the transactions in confirmed counterfeit ZIG-ZAG® Orange described below, North Atlantic believes that Defendant MJ Wholesale sold the counterfeit ZIG-ZAG® Orange to Defendant LA Price Check *via* its owners/officers/operators Khairunnish Rajani and Shaukat Ali Rajani, and Defendant LA Price Check in turn distributed the counterfeit ZIG-ZAG® Orange to wholesalers, retailers, and others in the marketplace.

82.    All below-described transactions in the counterfeit ZIG-ZAG® Orange products are *willful*, because North Atlantic's investigation collected evidence of Defendants' expressly using the terms "counterfeit" and "genuine" to refer to products sold/distributed by Defendants versus products sold/distributed by North Atlantic and its direct accounts.

*September 2016 – 200 Cartons of Counterfeit ZIG-ZAG® Orange to an Arizona Wholesaler*

83.    In August and September of 2016, North Atlantic was contacted multiple times by an Arizona wholesaler who, reportedly, was offered at least two-

COMPLAINT

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1  hundred (200) cartons of purported ZIG-ZAG® Orange, by Defendants, at below-

2  market prices.

3       84.    In or around September 2016, the Arizona wholesaler bought at least

4  two-hundred (200) cartons of purported ZIG-ZAG® Orange from Defendants at

5  the below-market prices.

6       85.    Subsequent to the transaction, North Atlantic obtained samples of the

7  cartons of purported ZIG-ZAG® Orange that the Arizona wholesaler bought from

8  Defendants.

9       86.    North Atlantic inspected and analyzed these cartons and confirmed

10  that they are counterfeit in nature because of tell-tale physical and quality

11  differences.

12       87.    North Atlantic also obtained purchasing documents, confirming the

13  distribution chain from Defendants to the Arizona wholesaler.

14       88.    Thus, Defendants sold at least two-hundred cartons of confirmed

15  counterfeit ZIG-ZAG® Orange in or around September 2016.

16

17  **October 2016 – 400 Cartons of Counterfeit ZIG-ZAG® Orange to a**

18  **Texas Wholesaler**

19       89.    In late 2016, North Atlantic executed an *ex parte* seizure order at a

20  Texas wholesaler known to have sold counterfeit ZIG-ZAG® Orange to

21  wholesalers and retailers in northern and southeastern Texas.

22       90.    During the seizure, North Atlantic seized from the Texas wholesaler

23  over one hundred (100) cartons of confirmed counterfeit ZIG-ZAG® Orange.

24       91.    Also during the seizure, North Atlantic identified the upstream source

25  of the Texas wholesaler's counterfeit ZIG-ZAG® Orange.

26       92.    Immediately after the seizure, North Atlantic's investigators travelled

27  to the source's warehouse and interviewed the source's owner.  The owner turned

28  over purchasing documents:  (i) linking the seized counterfeit ZIG-ZAG® Orange

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

to Defendant LA Price Check, and (ii) confirming that Defendant LA Price Check sold over four-hundred (400) cartons of counterfeit ZIG-ZAG® Orange at the below-market price of $10.00/carton in October 2016.

93.     North Atlantic's investigators sent the seized ZIG-ZAG® Orange and purchasing documents to its quality control department in Louisville, Kentucky.

94.     North Atlantic employees inspected and analyzed the seized cartons and confirmed they are counterfeit because of tell-tale physical and quality differences.

87.     North Atlantic also evaluated the $10.00/carton purchase price and confirmed that there is no possibility that any cartons sold at that price could be authentic, unless the cartons were sold at a staggering loss that wholesalers in the cigarette paper products industry would not tolerate.

### *June 23, 2017* – **50 Cartons of Counterfeit ZIG-ZAG® Orange to North Atlantic**

95.     On or about June 23, 2017, North Atlantic's undercover investigators purchased, directly from Defendant LA Price Check, fifty (50) cartons of purported ZIG-ZAG® Orange for $15.00/carton.  Upon information and belief, and based on North Atlantic's investigation, all fifty (50) of these cartons were obtained by Defendant LA Price Check from Defendant MJ Wholesale.

96.     The June 23, 2017 purchase was negotiated with Defendant Shaukat Ali Rajani, the owner of Defendant New Rainbow, Inc., and the operator of Defendant LA Price Check.

97.     North Atlantic paid by credit card for the fifty (50) cartons of purported ZIG-ZAG® Orange, which Defendant LA Price Check shipped to a fictitious wholesale customer in Michigan.

98.     All fifty (50) cartons were subsequently shipped to North Atlantic headquarters for inspection and analysis.  The inspection and analysis conclusively

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

19

showed that all fifty (50) cartons, and their contents (booklets and papers), are counterfeit because of tell-tale physical differences between counterfeit and authentic products.

### *July 10, 2017* – 16 Cartons of Counterfeit ZIG-ZAG® Orange to North Atlantic

99.     On or about July 10, 2017, North Atlantic's undercover investigators purchased, directly from Defendant LA Price Check, sixteen (16) cartons of purported ZIG-ZAG® Orange for a price just above $18.00/carton.  Upon information and belief, and based on North Atlantic's investigation, all sixteen (16) of these cartons were obtained by Defendant LA Price Check from Defendant MJ Wholesale.

100.    The July 10, 2017 purchase was negotiated with Defendant Shaukat Ali Rajani, the owner of Defendant New Rainbow, Inc., and the operator of Defendant LA Price Check.

101.    North Atlantic paid $290 in cash for the sixteen (16) cartons of purported ZIG-ZAG® Orange, which a North Atlantic investigator picked up in person from Defendant LA Price Check's warehouse.

102.    Surveillance conducted during the transaction confirmed that an employee of Defendant LA Price Check travelled to Defendant MJ Wholesale's warehouse at 320 S. Wall Street, Ste. E & 4, Los Angeles, California 90013 to pick up a black plastic bag containing the sixteen (16) cartons of purported ZIG-ZAG® Orange.

103.    North Atlantic's investigator requested a receipt, but Defendant LA Price Check, via Defendant Shaukat Rajani, refused to issue one.

104.    All sixteen (16) cartons were subsequently shipped to North Atlantic headquarters for inspection and analysis.

105.    The inspection and analysis conclusively showed that all sixteen (16)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

cartons, and their contents (booklets and papers), are counterfeit because of tell-tale physical differences between counterfeit and authentic products.

### *July 21, 2017 –* **13 Cartons of Counterfeit ZIG-ZAG® Orange to North Atlantic**

106.   On or about July 21, 2017, North Atlantic's undercover investigators purchased, directly from Defendant LA Price Check, thirteen (13) cartons of purported ZIG-ZAG® Orange for a price just above $11.00/carton.  Upon information and belief, and based on North Atlantic's investigation, all thirteen (13) of these cartons were obtained by Defendant LA Price Check from Defendant MJ Wholesale.

107.   The July 21, 2017 purchase was negotiated with Defendant Shaukat Ali Rajani, the owner of Defendant New Rainbow, Inc., and the operator of Defendant LA Price Check.

108.   North Atlantic paid $145 in cash for the thirteen (13) cartons of purported ZIG-ZAG® Orange, which a North Atlantic investigator picked up in person from Defendant LA Price Check's warehouse.

109.   North Atlantic's investigator requested a receipt, but Defendant LA Price Check, via Defendant Shaukat Rajani, refused to issue one.

110.   All thirteen (13) cartons were subsequently shipped to North Atlantic headquarters for inspection and analysis.

111.   The inspection and analysis conclusively showed that all thirteen (13) cartons, and their contents (booklets and papers), are counterfeit because of tell-tale physical differences between counterfeit and authentic products.

112.   Additionally, while negotiating the July 21, 2017 sale with Defendant LA Price Check, via Defendant Shaukat Rajani, Mr. Rajani indicated to the North Atlantic investigator that he subjectively knew the cartons he was selling were counterfeit cartons of ZIG-ZAG® Orange, expressly using the wording

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

"counterfeit" to refer to the cartons of ZIG-ZAG® Orange sold at the $11.00/carton price, and the wording "genuine" to refer to other cartons of ZIG-ZAG® Orange in inventory at LA Price Check's warehouse, sold at higher price points.

113.   Mr. Rajani also told the North Atlantic investigator that dealing in "counterfeit" ZIG-ZAG® Orange is "risky," because of North Atlantic's anti-counterfeiting enforcement and investigation, and previous *ex parte* seizures in Riverside County, California, in the past two years.

114.   Mr. Rajani also indicated he could get larger quantities of "counterfeit" ZIG-ZAG® Orange, but only if the undercover North Atlantic committed to buying larger quantities (over 1,500 cartons) and paid a $1,000 deposit to LA Price Check's source (upon information and belief, Defendant MJ Wholesale).

* * *

115.   Based on the foregoing facts, Defendants' distribution of at least six-hundred and seventy-nine (679) cartons of counterfeit ZIG-ZAG® Orange is *willful*.  These are just the sales North Atlantic knows about—Defendants likely have sold many more cartons of counterfeit ZIG-ZAG® Orange, and potentially other counterfeit ZIG-ZAG® brand products.

116.   Defendants appear to have known that they sold counterfeit cartons of ZIG-ZAG® Orange to the Arizona wholesaler, Texas wholesaler, and North Atlantic's investigators acting undercover.

117.   Upon information and belief, for each of the transactions described above, the Defendants knew the cartons of purported ZIG-ZAG® Orange (a) were not manufactured, marketed, advertised, distributed or sold by North Atlantic and were counterfeit, rather than genuine in nature; (b) were sold without any rights to sell or otherwise distribute products bearing the ZIG-ZAG® or NAOC®

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

22

Trademarks, or the NAOC(C) Copyright, or the ZIG-ZAG® Orange Trade Dress; and (c) were sold at per-carton prices that are too low to possibly be authentic cartons of ZIG-ZAG® Orange distributed by North Atlantic.

118.   Upon information and belief, Defendants' refusal to issue receipts for certain transaction further indicates willfulness, in that it suggests a desire to conceal sales.

119.   Defendants' express use of phrasing such as "counterfeit" and "genuine" to refer to counterfeit and genuine ZIG-ZAG® Orange also indicates willfulness.

120.   Upon information and belief, Defendants all knew that their activities described above were illegal and violated North Atlantic's trademark rights, copyrights, and protected trade dress, but they engaged in them anyway for their own financial gain.

### The Irreparable Harm to North Atlantic

121.   Defendants' willful misconduct, described above, is depriving North Atlantic of the absolute right to control the quality of products distributed using its ZIG-ZAG® and NAOC® Trademarks, NAOC© Copyright, and ZIG-ZAG® Orange Trade Dress.

122.   Defendants' counterfeiting jeopardizes the enormous goodwill and value associated with those Trademarks and the NAOC© Copyright, and with the ZIG-ZAG® Orange Trade Dress, which North Atlantic has built up over years.

123.   Exacerbating the risk of injury to North Atlantic is the fact that Defendants' counterfeit products appear to be of inferior quality compared with North Atlantic's authentic ZIG-ZAG® cigarette paper products, and are made with materials of unknown origin, but yet look very similar to the average consumer.

124.   Consumers deceived by Defendants' simulated ZIG-ZAG® Orange have and will purchase Defendants' counterfeit products instead of North

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

Atlantic's authentic products.

125.   Thus, consumers are likely to think less favorably of North Atlantic than if they had purchased North Atlantic's high-quality authentic ZIG-ZAG® Orange, as they likely intended to do.

126.   As a direct and proximate result of the foregoing, North Atlantic has suffered and, unless Defendants' conduct is enjoined by this Court, will continue to suffer actual economic damages in the form of lost sales, revenues, and profits, as well as immediate and irreparable harm for which it has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

127.   North Atlantic repeats, realleges and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

128.   In violation of 15 U.S.C. § 1114, Defendants, independently and in conspiracy with one another, used in commerce, without North Atlantic's consent, either a reproduction, counterfeit, copy, or colorable imitation of the ZIG-ZAG® and NAOC® Trademarks on and in connection with the sale, offering for sale, distribution, or advertising of counterfeit ZIG-ZAG® Orange cigarette paper products, which use is likely to cause confusion, or to cause mistake, or to deceive consumers.

129.   Defendants' actions constitute willful infringement of North Atlantic's exclusive rights in and to the ZIG-ZAG® and NAOC® Trademarks, which are registered on the Principal Register, and which North Atlantic either owns or has the exclusive right to use and enforce in the United States.

130.   As a direct and proximate result of Defendants' willful misconduct, North Atlantic has suffered irreparable harm to the value and goodwill associated with the ZIG-ZAG® and NAOC® Trademarks, and to North Atlantic's reputation

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

24

in the industry.  Unless the Defendants are restrained and enjoined from further infringement of the ZIG-ZAG® and NAOC® Trademarks, North Atlantic (and consumers) will continue to be irreparably harmed.

131.  As a direct and proximate result of Defendants' willful misconduct, North Atlantic has suffered lost sales.

132.  North Atlantic has absolutely no remedy at law that could compensate it for the continued, irreparable harm that it will suffer if the Defendants' willful misconduct is allowed to continue.

133.  As a direct and proximate result of Defendants' willful misconduct, North Atlantic also has suffered damages to the valuable, registered ZIG-ZAG® and NAOC® Trademarks; to its reputation among U.S. consumers; to the goodwill associated with the ZIG-ZAG® and NAOC® Trademarks and brands; and other damages in an amount not yet known, but to be proved at trial.  North Atlantic is also entitled to statutory damages, enhanced damages, and/or its reasonable attorneys' fees, at North Atlantic's option.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION, UNFAIR COMPETITION, AND
## TRADEMARK AND TRADE DRESS INFRINGEMENT
## (15 U.S.C. § 1225(a))

134.  North Atlantic repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

135.  In violation of 15 U.S.C. § 1125(a), Defendants, independently and in conspiracy with one another, in connection with the counterfeit ZIG-ZAG® Orange cigarette paper products, have used in commerce a slogan, trade dress, word, term, name, symbol, or device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was or is likely to cause confusion or to cause

COMPLAINT

mistake, or to deceive as to an affiliation, connection, or association with North Atlantic.

136.   The Defendants have willfully infringed North Atlantic's exclusive rights in and to the common-law rights associated with the ZIG-ZAG® and NAOC® Trademarks, the unregistered ZIG-ZAG® Orange Trade Dress, and have falsely designated the counterfeit products as "Distributed by North Atlantic Operating Company, Inc." on the packaging.

137.   As a direct and proximate result of Defendants' willful misconduct, North Atlantic has suffered and is suffering irreparable harm to the value and goodwill associated with the ZIG-ZAG® and NAOC® Trademarks, and the ZIG-ZAG® Orange Trade Dress, and associated common-law rights, and to North Atlantic's nationwide reputation as a distributor of high-quality ZIG-ZAG® brand cigarette paper products.

138.   Unless the Defendants are restrained and enjoined from further infringement of the ZIG-ZAG® and NAOC® Trademarks, the ZIG-ZAG® Orange Trade Dress,  and associated common-law rights, and from falsely stating their counterfeit products are "Distributed by North Atlantic Operating Company, Inc.," North Atlantic will continue to be irreparably harmed.

139.   North Atlantic has no adequate remedy at law that could compensate it for the continued and irreparable harm it has suffered, and will continue to suffer if the Defendants' willful misconduct is allowed to continue.

140.   As a direct and proximate result of Defendants' willful misconduct, North Atlantic has suffered lost sales.

141.   As a direct and proximate result of Defendants' willful misconduct, North Atlantic has suffered damages to the valuable ZIG-ZAG® and NAOC® Trademarks; to the ZIG-ZAG® Orange Trade Dress; to North Atlantic's reputation among U.S. consumers; to the goodwill associated with the ZIG-ZAG® and NAOC® Trademarks, brands, and ZIG-ZAG® Orange Trade Dress; and other

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1   damages in an amount not yet known, but to be proved at trial.

## THIRD CLAIM FOR RELIEF

## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)

142.   North Atlantic repeats, realleges and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

143.   Currently, and at all relevant times, North Atlantic has been the sole owner of all rights, title, and interest in and to the NAOC© Copyright.

144.   North Atlantic has the exclusive right to, among other things, reproduce, distribute, publicly display, and create derivative works from the NAOC© Copyright, which it solely owns.

145.   North Atlantic registered its claim to the copyright in the NAOC© Copyright with the United States Copyright Office.  To wit, North Atlantic possesses a copyright registration certificate for the NAOC© Copyright dated October 11, 2002.

146.   The Defendants have directly infringed the NAOC© Copyright by unlawfully reproducing, transmitting, distributing, publicly displaying, or creating derivative works based on the NAOC© Copyright, in violation of North Atlantic's exclusive rights under 17 U.S.C. § 106.

147.   The foregoing actions of the Defendants in violation of North Atlantic's rights have been willful and intentional, executed with full knowledge of North Atlantic's exclusive rights in the NAOC© Copyright, and in conscious disregard of those rights.

148.   North Atlantic is entitled to recover from the Defendants the profits that the Defendants obtained through infringements of the NAOC© Copyright, as well as North Atlantic's damages from those infringements, or, at North Atlantic's election, statutory damages pursuant to 17 U.S.C. ¶ 504.

149.   North Atlantic is also entitled to recover costs and attorneys' fees

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

1  from Defendants pursuant to 17 U.S.C. § 505.

2      150.   Defendants' willful infringements of North Atlantic's NAOC©

3  Copyright has caused, and unless enjoined by this Court, will continue to cause,

4  irreparable injury to North Atlantic, which is not fully compensable in monetary

5  damages.  North Atlantic is therefore entitled to preliminary and permanent

6  injunctions prohibiting the Defendants from further infringing North Atlantic's

7  NAOC© Copyright.

**FOURTH CLAIM FOR RELIEF**

**STATE-LAW UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code § 17200)**

11      151.   North Atlantic repeats, realleges and incorporates by reference each

12  and every allegation contained in the above paragraphs, as though fully set forth

13  herein.

14      152.   By manufacturing, selling, offering for sale, and/or distributing

15  counterfeit ZIG-ZAG® Orange cigarette paper products, Defendants, acting

16  independently and in conspiracy with one another, have committed unlawful,

17  unfair, and fraudulent business practices, in violation of Cal. Bus. & Prof. Code §

18  17200.

19      153.   Defendants' willful misconduct is unlawful because it violates

20  numerous state and federal statutes, including but not limited to 15 U.S.C. § 1114,

21  15 U.S.C. § 1125(a), and 17 U.S.C. § 106.

22      154.   Defendants' willful misconduct is unfair because it offends

23  established public policy; is immoral, unethical, oppressive, unscrupulous,

24  substantially injurious to consumers, and without justification; and significantly

25  threatens or harms competition.

26      155.   Defendants' willful misconduct is fraudulent because it is likely to

27  deceive reasonable consumers.

28      156.   North Atlantic is entitled to an injunction restraining Defendants'

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

1   willful misconduct, described above, and to such orders as may be necessary to

2   restore to North Atlantic's interest in any money or property, real or personal,

3   which may have been acquired by means of Defendants' unfair competition.

4        157.   North Atlantic also is entitled to recover damages caused by

5   Defendants' willful misconduct, including damages to its ZIG-ZAG® and

6   NAOC® Trademarks, and ZIG-ZAG® Orange Trade Dress; to North Atlantic's

7   reputation among U.S. consumers; to the goodwill associated with the ZIG-ZAG®

8   and NAOC® Trademarks and brands; and other damages in an amount not yet

9   known, but to be proved at trial.

## FIFTH CLAIM FOR RELIEF

## COMMON-LAW UNFAIR COMPETITION

12       158.   North Atlantic repeats, realleges and incorporates by reference each

13   and every allegation contained in the above paragraphs, as though fully set forth

14   herein.

15       159.   In violation of the common law of the State of California and

16   elsewhere, Defendants, independently and in conspiracy with one another, have

17   unfairly competed with North Atlantic by selling counterfeit ZIG-ZAG® Orange

18   cigarette paper products.

19       160.   As a direct and proximate result of Defendants' unfair competition,

20   North Atlantic has suffered irreparable harm to the valuable ZIG-ZAG® and

21   NAOC® Trademarks, the NAOC© Copyright, the ZIG-ZAG® Orange Dress, and

22   to North Atlantic's industry reputation.  Unless the Defendants willful misconduct

23   is restrained, North Atlantic will continue to be irreparably harmed.

24       161.   North Atlantic has no adequate remedy at law that will compensate

25   for the continued and irreparable harm it will suffer if Defendants' willful

26   misconduct is allowed to continue.

27       162.   North Atlantic also has suffered damages caused by Defendants'

28   willful misconduct, including damages to its ZIG-ZAG® and NAOC®

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

Trademarks, and ZIG-ZAG® Orange Trade Dress; to North Atlantic's reputation among U.S. consumers; to the goodwill associated with the ZIG-ZAG® and NAOC® Trademarks and brands; and other damages in an amount not yet known, but to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, North Atlantic demands judgment against Defendants as follows:

1. For judgment that:

    a. Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b. Defendants have violated Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

    c. Defendants have violated the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*;

    d. Defendants have unfairly competed with North Atlantic in violation of California state-law;

    e. Defendants have unfairly competed with North Atlantic, and have been unjustly enriched at North Atlantic's expense, in violation of California common-law;

    f. In all instances, Defendants acted in bad faith, willfully, intentionally, and/or in malicious disregard of North Atlantic's lawfully protected rights.

2. For an order enjoining Defendants, their agents, their servants, their employees, and their officers, and all those acting in concert or participation with them, who receive actual notice by personal service or otherwise, pending the final hearing and determination of this action, from directly or indirectly, anywhere in the world:

    a. Manufacturing, making, buying, purchasing, importing,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any counterfeit or infringing ZIG-ZAG® brand cigarette paper products, including but not limited to ZIG-ZAG® 1 ¼ Size French Orange ("ZIG-ZAG® Orange"), or any cigarette paper products bearing:

    i.  Infringing or counterfeit versions of the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, and/or the ZIG-ZAG® Orange Trade Dress, which appear along or in combination on all cartons and booklets of ZIG-ZAG® Orange cigarette paper products distributed by North Atlantic in the United States; or

    ii.  The false statement that such products are "Distributed by North Atlantic Operating Company, Inc." or otherwise under the control or supervision of North Atlantic, when they are not;

b. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing of, in any manner, any purported North Atlantic products that are not actually produced, imported, or distributed under North Atlantic's control or supervision, or approved for sale in the United States by North Atlantic in connection with the ZIG-ZAG® Trademarks, and NAOC© Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

c. Committing any acts calculated to cause purchasers to believe that counterfeit or infringing ZIG-ZAG® brand cigarette paper products, including counterfeit ZIG-ZAG® Orange, originate

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

31

with North Atlantic when they do not;

    d. In any way infringing or damaging the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress, or the value or goodwill associated therewith;

    e. Otherwise unfairly competing with North Atlantic in any way; and

    f. Attempting, causing, or assisting in any of the above-described acts, including but not limited to, enabling others in the above-described acts, or by passing on information to allow them to do so.

3. For an order requiring Defendants to cooperate with North Atlantic in good faith in its investigation of counterfeit sales at their retail and wholesale establishments, including, without limitation by:

    a. Permitting North Atlantic representatives or their designees to conduct inspections of Defendants' inventories of cigarette paper products to determine whether any cigarette paper products bearing the ZIG-ZAG® or NAOC® Trademarks or the NAOC© Copyright, or housed in any packaging simulating the ZIG-ZAG® Orange Trade Dress, are counterfeit, and to retain possession of any such counterfeit products;

    b. Responding to reasonable requests for information about Defendants' source(s) of ZIG-ZAG® brand cigarette paper products; and

    c. Cooperating with North Atlantic representatives or their designees in their investigations of any source(s) of ZIG-ZAG® brand cigarette paper products.

4. For an order:

    a. Requiring Defendants to account for and pay over to North

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

32

Atlantic all profits derived from their wrongful misconduct to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

b. Requiring Defendants to account for and pay to North Atlantic enhanced damages resulting from their wrongful misconduct to the full extent provided for by Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

c. Awarding damages to North Atlantic, or statutory damages in an amount not less than $2 million ($2,000,000) per trademark pursuant to section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c)(2), or in the alternative $200,000 per trademark pursuant to 15 U.S.C. § 1117(c)(1);

d. Requiring the Defendants to account for and pay all profits derived from their wrongful misconduct to North Atlantic, to the full extent provided for by the Copyright Act, 17 U.S.C. § 504;

e. Awarding damages to North Atlantic, or statutory damages in an amount not less than $150,000 per infringement of the NAOC© Copyright which occurred after the filing of its copyright application against each of the Defendants separately and jointly;

f. Awarding any and all other damages permitted by the Lanham Act, including compensation for damage to the value of North Atlantic's ZIG-ZAG® and NAOC® Trademarks, and ZIG-ZAG® Orange Trade Dress; to North Atlantic's reputation among U.S. consumers; to the goodwill associated with the ZIG-ZAG® and NAOC® Trademarks, ZIG-ZAG® Orange Trade DRESS, and brands; and other damages in an amount not

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

1   yet known, but to be proved at trial;

2   g. Awarding North Atlantic damages to the full extent provided by

3   California state law;

4   h. Awarding North Atlantic its costs of suit, including reasonable

5   attorneys' fees; and

6   i. Awarding such other and further relief as this Court deems just

7   and proper.

8   **DEMAND FOR JURY TRIAL**

9   North Atlantic hereby demands a trial by jury on all claims and issues so

10   triable.

12   Date: August 8, 2017

Respectfully submitted,

VENABLE LLP
Sharoni S. Finkelstein (SBN 271829)
Melissa C. McLaughlin (SBN 273619)
Email:        ssfinkelstein@venable.com
              mcmclaughlin@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

VENABLE LLP
Marcella Ballard (To Be Admitted *Pro Hac Vice*)
Victoria R. Danta (To Be Admitted *Pro Hac Vice*)
Email:        mballard@venable.com
              vrdanta@venable.com
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598

*Attorneys for Plaintiffs*
*North Atlantic Operating Company, Inc.*
*and National Tobacco Company, L.P.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

| From: | TMOfficialNotices@USPTO.GOV |
| Sent: | Thursday, September 4, 2014 11:01 PM |
| To: | trademark@proskauer.com |
| Subject: | Official USPTO Notice of Acceptance and Renewal Sections 8 and 9: U.S. Trademark RN 0610530: ZIG ZAG (Stylized/Design): Docket/Reference No. 16389-009 |

**Serial Number:** 71645385
**Registration Number:** 0610530
**Registration Date:** Aug 16, 1955
**Mark:** ZIG ZAG (Stylized/Design)
**Owner:** BOLLORE

Sep 4, 2014

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

## NOTICE OF REGISTRATION RENEWAL UNDER SECTION 9

The renewal application filed for the above-identified registration meets the requirements of Section 9 of the Trademark Act, 15 U.S.C. §1059.  **The registration is renewed.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

**Class(es):**
008

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING REGISTRATION IN SUCCESSIVE TEN-YEAR PERIODS

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=71645385.  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**EXHIBIT 1**
**Page 35**

Int. Cl.: 34

Prior U.S. Cl.: 8

Reg. No. 610,530

**United States Patent and Trademark Office**

Registered Aug. 16, 1955

10 Year Renewal

Renewal Term Begins Aug. 16, 1995

## TRADEMARK
## PRINCIPAL REGISTER

# ZIG~ZAG

BOLLORE TECHNOLOGIES (FRANCE CORPORATION)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE, BY ASSIGNMENT, CHANGE OF NAME, MERGER AND CHANGE OF NAME FROM BRAUN-STEIN FRERES, INCORPORATED (DELAWARE CORPORATION) NEW YORK, NY

OWNER OF U.S. REG. NO. 76,736.

FOR: CIGARETTE PAPER, IN CLASS 8 (INT. CL. 34).

FIRST USE 8-14-1901; IN COMMERCE 8-14-1901.

SER. NO. 71-645,385, FILED 4-16-1953.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 17, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

EXHIBIT 1

## Amendment

Registered August 16, 1955                     Registration No. 610,530

Braunstein Freres, Incorporated

Application to amend having been made by Papeteries Braunstein, owner of the registration above identified, the drawing is amended to appear as follows:

**ZIG~ZAG**

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 21st day of February 1978.

[SEAL]

Attest:
JANIE COOKSEY,
*Attesting Officer.*

LUTRELLE F. PARKER,
*Commissioner.*

EXHIBIT 1
Page 37

# United States Patent Office

**610,530**
**Registered Aug. 16, 1955**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 645,385, filed Apr. 16, 1953



Braunstein Freres, Incorporated (Delaware corporation)
21 W. 18th St.
New York, N. Y.

For: CIGARETTE PAPER, in CLASS 8.
First used Aug. 14, 1901, and in commerce Aug. 14, 1901.
Owner of the trademark shown in Reg. No. 76,736 (expired).

EXHIBIT 1
Page 38

# United States Patent Office

**610,530**
Registered Aug. 16, 1955

## PRINCIPAL REGISTER
### Trademark

Ser. No. 645,385, filed Apr. 16, 1953



Braunstein Freres, Incorporated (Delaware corporation)
21 W. 18th St.
New York, N. Y.

For: CIGARETTE PAPER, in CLASS 8.
First used Aug. 14, 1901, and in commerce Aug. 14, 1901.
Owner of the trademark shown in Reg. No. 76,736 (expired).

EXHIBIT 1
Page 39

## Amendment

Registered August 16, 1955                    Registration No. 610,530

Braunstein Freres, Incorporated

Application to amend having been made by Papeteries Braunstein, owner of the registration above identified, the drawing is amended to appear as follows:

**ZIG~ZAG**

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 21st day of February 1978.

[SEAL]

Attest:

JANIE COOKSEY,                              LUTRELLE F. PARKER,
*Attesting Officer.*                            *Commissioner.*

EXHIBIT 1

Page 40

Side - 1



**NOTICE OF ACCEPTANCE OF §8
DECLARATION AND §9 RENEWAL**
MAILING DATE: Jan 4, 2010

The declaration and renewal application filed in connection with the registration identified below meets the requirements of Sections 8 and 9 of the Trademark Act, 15 U.S.C. §§1058 and 1059.  The declaration is accepted and renewal is granted.  The registration remains in force.

For further information about this notice, visit our website at: http://www.uspto.gov.  To review information regarding the referenced registration, go to http://tarr.uspto.gov.

| | |
|---|---|
| **REG NUMBER:** | 1127946 |
| **MARK:** | ZIG ZAG |
| **OWNER:** | BOLLORE |

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS MAIL
U.S POSTAGE
PAID

Jenifer deWolf Paine
PROSKAUER ROSE LLP
Trademark File Room
1585 Broadway
NEW YORK, NY   10036-8299

**EXHIBIT 1**
**Page 41**

Int. Cl.: 34

U.S. Cl.: 8

## U.S. Patent and Trademark Office

Reg. No. 1,127,946

Reg. Dec. 18, 1979

## TRADEMARK
### Principal Register

## ZIG ZAG

Papeteries Braunstein (France corporation)
83, Boulevard Exelmans
Paris, France.

For: Cigarette Papers —in Class 34. (U.S. Cl. 8).
First use Mar. 1903; in commerce Mar. 1903.
Owner of U.S. Reg. No. 610,530.

Ser. No. 68,676. Filed Nov. 11, 1975.

BETH CHAPMAN, Examiner

EXHIBIT 1
Page 42

Int. Cl.: 34

U.S. Cl.: 8

Reg. No. 1,127,946

## U.S. Patent and Trademark Office

Reg. Dec. 18, 1979

## TRADEMARK
### Principal Register

## ZIG ZAG

Papeteries Braunstein (France corporation)
83, Boulevard Exelmans
Paris, France.

For: Cigarette Papers —in Class 34. (U.S. Cl. 8).
First use Mar. 1903; in commerce Mar. 1903.
Owner of U.S. Reg. No. 610,530.

Ser. No. 68,676. Filed Nov. 11, 1975.

BETH CHAPMAN, Examiner

EXHIBIT 1
Page 43

Int. Cl.: 34

U.S. Cl.: 8

**Reg. No. 1,127,946**

## U.S. Patent and Trademark Office

Reg. Dec. 18, 1979

## TRADEMARK
### Principal Register

## ZIG ZAG

Papeteries Braunstein (France corporation)
83, Boulevard Exelmans
Paris, France.

For: Cigarette Papers —in Class 34. (U.S. Cl. 8).
First use Mar. 1903; in commerce Mar. 1903.
Owner of U.S. Reg. No. 610,530.

Ser. No. 68,676. Filed Nov. 11, 1975.

BETH CHAPMAN, Examiner

**EXHIBIT 1**
**Page 44**

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO:  2169540     SERIAL NO:  75/304722      MAILING DATE:  10/29/2007
REGISTRATION DATE:  06/30/1998
MARK:  MISCELLANEOUS DESIGN
REGISTRATION OWNER:  BOLLORE

CORRESPONDENCE ADDRESS:
Jenifer deWolf Paine
Proskauer Rose LLP
Trademark File Room
1585 BROADWAY
NEW YORK NY 10036-8299

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

......................................................

# NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

......................................................

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
034.

CONLEY, JOYCE MARIE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

**EXHIBIT 1**
**Page 45**

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE.  IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

**EXHIBIT 1**

**Page 46**

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,169,540
Registered June 30, 1998

## TRADEMARK
### PRINCIPAL REGISTER



BOLLORE TECHNOLOGIES (FRANCE SOCIE-
TE ANONYME)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE

FOR: CIGARETTE PAPERS, IN CLASS 34
(U.S. CLS. 2, 8, 9 AND 17).
FIRST USE 4-0-1961; IN COMMERCE
4-0-1961.
OWNER OF U.S. REG. NOS. 610,530, 1,127,946,
AND 1,247,856.

THE DRAWING CONSISTS OF A FANCIFUL
REPRESENTATION OF A MAN HOLDING A
CIGARETTE AND CIGARETTE PAPER PACK-
AGE ON WHICH THE WORDS "ZIG ZAG"
APPEAR.

SER. NO. 75-304,722, FILED 6-6-1997.

WILLIAM JACKSON, EXAMINING ATTOR-
NEY

EXHIBIT 1
Page 47

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,169,540

Registered June 30, 1998

## TRADEMARK
### PRINCIPAL REGISTER



BOLLORE TECHNOLOGIES (FRANCE SOCIE-
TE ANONYME)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE

FOR: CIGARETTE PAPERS, IN CLASS 34
(U.S. CLS. 2, 8, 9 AND 17).
FIRST USE 4-0-1961; IN COMMERCE
4-0-1961.
OWNER OF U.S. REG. NOS. 610,530, 1,127,946,
AND 1,247,856.

THE DRAWING CONSISTS OF A FANCIFUL
REPRESENTATION OF A MAN HOLDING A
CIGARETTE AND CIGARETTE PAPER PACK-
AGE ON WHICH THE WORDS "ZIG ZAG"
APPEAR.

SER. NO. 75-304,722, FILED 6-6-1997.

WILLIAM JACKSON, EXAMINING ATTOR-
NEY

EXHIBIT 1
Page 48

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO: 2169549     SERIAL NO: 75/304818     MAILING DATE:  01/08/2008
REGISTRATION DATE:  06/30/1998
MARK:  MISCELLANEOUS DESIGN
REGISTRATION OWNER:  Bollore

**CORRESPONDENCE ADDRESS:**
Jenifer deWolf Paine
Proskauer Rose LLP
Trademark File Room
1585 BROADWAY
NEW YORK NY 10036-8299

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

•••••••••••••••••••••••••••••••••••••••••••••••••

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

•••••••••••••••••••••••••••••••••••••••••••••••••

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
034.

MA, MACY L
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

EXHIBIT 1
Page 49

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE.  IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.

**EXHIBIT 1**

**Page 50**

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,169,549

Registered June 30, 1998

## TRADEMARK
### PRINCIPAL REGISTER



BOLLORE TECHNOLOGIES (FRANCE SOCIE-
TE ANONYME)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE

FOR: CIGARETTE PAPERS, IN CLASS 34
(U.S. CLS. 2, 8, 9 AND 17).
FIRST   USE   3-0-1903;   IN   COMMERCE
3-0-1903.
OWNER OF U.S. REG. NOS. 610,530, 1,127,946,
AND 1,247,856.

THE DRAWING CONSISTS OF A FANCIFUL
REPRESENTATION OF A MAN HOLDING A
CIGARETTE AND CIGARETTE PAPER PACK-
AGE ON WHICH THE WORDS "ZIG ZAG"
APPEAR.

SER. NO. 75-304,818, FILED 6-6-1997.

WILLIAM JACKSON, EXAMINING ATTOR-
NEY

EXHIBIT 1
Page 51

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,169,549

Registered June 30, 1998

## TRADEMARK
### PRINCIPAL REGISTER



BOLLORE TECHNOLOGIES (FRANCE SOCIE-TE ANONYME)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE

FOR: CIGARETTE PAPERS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 3-0-1903; IN COMMERCE 3-0-1903.

OWNER OF U.S. REG. NOS. 610,530, 1,127,946, AND 1,247,856.

THE DRAWING CONSISTS OF A FANCIFUL REPRESENTATION OF A MAN HOLDING A CIGARETTE AND CIGARETTE PAPER PACKAGE ON WHICH THE WORDS "ZIG ZAG" APPEAR.

SER. NO. 75-304,818, FILED 6-6-1997.

WILLIAM JACKSON, EXAMINING ATTORNEY

EXHIBIT 1

Page 52

| | |
|---|---|
| From: | TMOfficialNotices@USPTO.GOV |
| Sent: | Monday, January 23, 2012 11:02 PM |
| To: | aberge@bgdlegal.com |
| Subject: | Trademark RN 2664694: Official Notice of Acceptance and Renewal under Sections 8 and 9 of the Trademark Act |

Serial Number:  78092298
Registration Number:  2664694
Registration Date:  Dec 17, 2002
Mark:  NORTH ATLANTIC OPERATING COMPANY, INC.(STYLIZED/DESIGN)
Owner:  North Atlantic Operating Company, Inc.

Jan 23, 2012

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

## NOTICE OF REGISTRATION RENEWAL UNDER SECTION 9

The renewal application filed for the above-identified registration meets the requirements of Section 9 of the Trademark Act, 15 U.S.C. §1059.  **The registration is renewed.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

Class(es):
035

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING REGISTRATION IN SUCCESSIVE TEN-YEAR PERIODS

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=78092298.  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**EXHIBIT 2**
**Page 53**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

Reg. No. 2,664,694

### United States Patent and Trademark Office

Registered Dec. 17, 2002

## SERVICE MARK
### PRINCIPAL REGISTER



NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, SEVENTH FLOOR
NEW YORK, NY 10010

FOR: DISTRIBUTORSHIPS IN THE FIELD OF TOBACCO PRODUCTS AND SMOKERS ACCESSORIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-7-2002; IN COMMERCE 1-7-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY, INC.", APART FROM THE MARK AS SHOWN.

SN 78-092,298, FILED 11-8-2001.

ARETHA MASTERSON, EXAMINING ATTORNEY

EXHIBIT 2
Page 54

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,664,694

Registered Dec. 17, 2002

### SERVICE MARK
### PRINCIPAL REGISTER



NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, SEVENTH FLOOR
NEW YORK, NY 10010

FOR: DISTRIBUTORSHIPS IN THE FIELD OF TOBACCO PRODUCTS AND SMOKERS ACCESSORIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-7-2002; IN COMMERCE 1-7-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY, INC.", APART FROM THE MARK AS SHOWN.

SN 78-092,298, FILED 11-8-2001.

ARETHA MASTERSON, EXAMINING ATTORNEY

**EXHIBIT 2**
**Page 55**

From: TMOfficialNotices@USPTO.GOV
Sent: Thursday, April 5, 2012 11:02 PM
To: bchellgren@bgdlegal.com
Subject: Trademark RN 2664695: Official Notice of Acceptance and Renewal under Sections 8 and 9 of the Trademark Act

Serial Number: 78092299
Registration Number: 2664695
Registration Date: Dec 17, 2002
Mark: NORTH ATLANTIC OPERATING COMPANY, INC.(STYLIZED/DESIGN)
Owner: North Atlantic Operating Company, Inc.

Apr 5, 2012

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058. **The Section 8 declaration is accepted.**

## NOTICE OF REGISTRATION RENEWAL UNDER SECTION 9

The renewal application filed for the above-identified registration meets the requirements of Section 9 of the Trademark Act, 15 U.S.C. §1059. **The registration is renewed.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

**Class(es):**
034

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING REGISTRATION IN SUCCESSIVE TEN-YEAR PERIODS

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date. See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS. THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=78092299. NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**EXHIBIT 2**
**Page 56**

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9, and 17

Reg. No. 2,664,695

**United States Patent and Trademark Office**    Registered Dec. 17, 2002

**TRADEMARK**
**PRINCIPAL REGISTER**



NORTH ATLANTIC OPERATING COMPANY,
INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, SEVENTH FLOOR
NEW YORK, NY 10010

FOR: SMOKING TOBACCO, CIGARETTE PA-
PERS, CIGARETTE TUBES, LIGHTERS NOT OF
PRECIOUS METAL, CIGARETTE ROLLING MA-
CHINES, CIGARETTE INJECTION MACHINES, CI-
GARETTES, CIGARS, IN CLASS 34 (U.S. CLS. 2, 8, 9
AND 17).

FIRST USE 1-7-2002; IN COMMERCE 1-7-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "OPERATING COMPANY, INC.",
APART FROM THE MARK AS SHOWN.

SN 78-092,299, FILED 11-8-2001.

ARETHA MASTERSON, EXAMINING ATTORNEY

EXHIBIT 2
Page 57

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9, and 17

## United States Patent and Trademark Office

Reg. No. 2,664,695
Registered Dec. 17, 2002

### TRADEMARK
### PRINCIPAL REGISTER



NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, SEVENTH FLOOR
NEW YORK, NY 10010

FOR: SMOKING TOBACCO, CIGARETTE PAPERS, CIGARETTE TUBES, LIGHTERS NOT OF PRECIOUS METAL, CIGARETTE ROLLING MACHINES, CIGARETTE INJECTION MACHINES, CIGARETTES, CIGARS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 1-7-2002; IN COMMERCE 1-7-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY, INC.", APART FROM THE MARK AS SHOWN.

SN 78-092,299, FILED 11-8-2001.

ARETHA MASTERSON, EXAMINING ATTORNEY

EXHIBIT 2
Page 58

From:          TMOfficialNotices@USPTO.GOV
Sent:          Saturday, March 24, 2012 11:04 PM
To:            bchellgren@bgdlegal.com
Subject:       Trademark RN 2610473: Official Notice of Acceptance and Renewal under Sections 8 and 9 of the Trademark Act

Serial Number:  76115213
Registration Number:  2610473
Registration Date:  Aug 20, 2002
Mark:  NORTH ATLANTIC OPERATING COMPANY
Owner:  North Atlantic Operating Company, Inc.

Mar 24, 2012

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

## NOTICE OF REGISTRATION RENEWAL UNDER SECTION 9

The renewal application filed for the above-identified registration meets the requirements of Section 9 of the Trademark Act, 15 U.S.C. §1059.  **The registration is renewed.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

**Class(es):**
034

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING REGISTRATION IN SUCCESSIVE TEN-YEAR PERIODS

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=76115213.  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**EXHIBIT 2**
**Page 59**

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9, and 17

**United States Patent and Trademark Office**

Reg. No. 2,610,473
Registered Aug. 20, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## NORTH ATLANTIC OPERATING COMPANY

NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, 7TH FLOOR
NEW YORK, NY 10010

FOR: SMOKING TOBACCO, CIGARETTE PAPERS, CIGARETTE TUBES, LIGHTERS NOT OF PRECIOUS METAL, CIGARETTE ROLLING MACHINES, CIGARETTE INJECTION MACHINES, CIGARETTES, CIGARS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 11-1-1997; IN COMMERCE 11-1-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY", APART FROM THE MARK AS SHOWN.

SN 76-115,213, FILED 8-24-2000.

KAREN K. BUSH, EXAMINING ATTORNEY

**EXHIBIT 2**
**Page 60**

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9, and 17

**United States Patent and Trademark Office**

Reg. No. 2,610,473

Registered Aug. 20, 2002

## TRADEMARK
### PRINCIPAL REGISTER

# NORTH ATLANTIC OPERATING COMPANY

NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, 7TH FLOOR
NEW YORK, NY 10010

FOR: SMOKING TOBACCO, CIGARETTE PAPERS, CIGARETTE TUBES, LIGHTERS NOT OF PRECIOUS METAL, CIGARETTE ROLLING MACHINES, CIGARETTE INJECTION MACHINES, CIGARETTES, CIGARS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 11-1-1997; IN COMMERCE 11-1-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY", APART FROM THE MARK AS SHOWN.

SN 76-115,213, FILED 8-24-2000.

KAREN K. BUSH, EXAMINING ATTORNEY

**EXHIBIT 2**
**Page 61**

Side - 1



## NOTICE OF ACCEPTANCE OF §8
## DECLARATION AND §9 RENEWAL
### MAILING DATE: Dec 28, 2011

The declaration and renewal application filed in connection with the registration identified below meets the requirements of Sections 8 and 9 of the Trademark Act, 15 U.S.C. §§1058 and 1059.  The declaration is accepted and renewal is granted.  The registration remains in force.

For further information about this notice, visit our website at: http://www.uspto.gov.  To review information regarding the referenced registration, go to http://tarr.uspto.gov.

| | |
|---|---|
| **REG NUMBER:** | **2635446** |
| **MARK:** | **NORTH ATLANTIC OPERATING COMPANY** |
| **OWNER:** | **North Atlantic Operating Company, Inc.** |

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS MAIL
U.S POSTAGE
PAID

Amy B. Berge
GREENEBAUM DOLL & MCDONALD PLLC
101 SOUTH FIFTH STREET
3500 NATIONAL CITY TOWER
LOUISVILLE, KY   40202

## EXHIBIT 2
## Page 62

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,635,446
Registered Oct. 15, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## NORTH ATLANTIC OPERATING COMPANY

NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, SEVENTH FLOOR
NEW YORK, NY 10010

    FOR: DISTRIBUTORSHIPS IN THE FIELD OF TOBACCO PRODUCTS AND SMOKERS ACCESSORIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

    FIRST USE 11-1-1997; IN COMMERCE 11-1-1997.

    NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY", APART FROM THE MARK AS SHOWN.

    SER. NO. 78-091,719, FILED 11-5-2001.

PRISCILLA MILTON, EXAMINING ATTORNEY

**EXHIBIT 2**
**Page 63**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,635,446
Registered Oct. 15, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

## NORTH ATLANTIC OPERATING COMPANY

NORTH ATLANTIC OPERATING COMPANY, INC. (DELAWARE CORPORATION)
257 PARK AVENUE SOUTH, SEVENTH FLOOR
NEW YORK, NY 10010

FOR: DISTRIBUTORSHIPS IN THE FIELD OF TOBACCO PRODUCTS AND SMOKERS ACCESSORIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-1997; IN COMMERCE 11-1-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "OPERATING COMPANY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-091,719, FILED 11-5-2001.

PRISCILLA MILTON, EXAMINING ATTORNEY

EXHIBIT 2
Page 64

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS

**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

## FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

**VAu 464-855**

EFFECTIVE DATE OF REGISTRATION

Oct   11   2001
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**
North Atlantic Operating Company, Inc. Design

**NATURE OF THIS WORK ▼ See instructions**
Graphic Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

| If published in a periodical or serial give | Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼ |
|---|---|---|---|---|

---

**NAME OF AUTHOR ▼**
North Atlantic Operating Company, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR Citizen of ▶
Domiciled in ▶ U.S.A.

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR Citizen of ▶
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**   2001
This information must be given in all cases.   ◀ Year

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶   ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
North Atlantic Operating Company, Inc.
257 Park Avenue South
New York, New York 10010

**APPLICATION RECEIVED**
ONE DEPOSIT RECEIVED
OCT 11 2001
TWO DEPOSITS RECEIVED
OCT 11 2001
FUNDS RECEIVED

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.   • See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXHIBIT 3
Page 65

|  |  |
|---|---|
| EXAMINED BY  OW | FORM VA |
| CHECKED BY | |
| ☐ CORRESPONDENCE  Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5 PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**          **Year of Registration ▼**

**6 DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

a   *See instructions before completing this space.*

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**7 DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name ▼**          **Account Number ▼**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

b   Matthew G. Owen, Esq.
Greenebaum Doll & McDonald PLLC
3300 National City Tower, 101 South Fifth Street, Louisville, Kentucky 40202

Area code and daytime telephone number ► ( 502 ) 589-4200          Fax number ► ( 502 ) 540-2136

Email► mgo@gdm.com

**8 CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ►  ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of  North Atlantic Operating Company, Inc.
*Name of author or other copyright claimant, or owner of exclusive right(s) ▲*

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.

Matthew G. Owen, Esq.          Date► October 10, 2001

Handwritten signature (X) ▼

X

**9** **Certificate will be mailed in window envelope to this address:**

**Name ▼**
Matthew G. Owen, Esq.
Greenebaum Doll & McDonald PLLC
**Number/Street/Apt ▼**
3300 National City Tower, 101 South Fifth Street
**City/State/ZIP ▼**
Louisville, Kentucky 40202

**YOU MUST**
- Complete all necessary spaces
- Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

*As of July 1, 1999, the filing fee for Form VA is $30.*

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.*

June 1999—100,000          ♻ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71
WEB REV: June 1999

**EXHIBIT 3**
**Page 66**



EXHIBIT 4
Page 67



EXHIBIT 4

Page 68



EXHIBIT 4
Page 69



**EXHIBIT 4**
**Page 70**