UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | LA 17-CV-05920-VAP (AFMx) | Date | May 8, 2018 |
|---|---|---|---|
| Title | NORTH ATLANTIC OPERATING CO., INC., ET AL. V. LA PRICE CHECK, LLC ET AL. | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   MINUTE ORDER REGARDING ATTORNEYS' FEES AND COSTS ASSOCIATED WITH PLAINTIFFS' MOTION FOR CONTEMPT (IN CHAMBERS)

On March 27, 2018, the Court granted the Motion for Contempt ("Motion") filed by Plaintiffs North Atlantic Operating Company, Inc. and National Tobacco Company, L.P. (collectively, "Plaintiffs") and awarded them sanctions, comprised of $63,160.02 in compensatory damages as well as attorneys' fees and costs in an amount to be determined. (Doc. No. 95.) The Court ordered Plaintiffs to submit an itemized invoice of their fees and costs associated with the Motion. (*Id.* at 12.) Plaintiffs filed their itemized invoices of attorneys' fees and costs associated with the Motion on April 5, 2018. (Doc. No. 96.) Defendants Shaukat Rajani and New Rainbow, Inc. (collectively, "Defendants") did not file any objections.

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation omitted); *see also Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, No. 16-CV-03801-DMR, 2017 WL 4390184, at *7–9 (N.D. Cal. Oct. 3, 2017) (examining attorneys' fees awarded in association with a motion for contempt sanctions for reasonableness). A court may award fees only for the number of hours it concludes were reasonably expended litigating the case. *Id.* at 434. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.*

The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar.'" *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (reversing the district court's fee award because it failed to calculate a lodestar figure and assess the extent to which recognized bases for adjusting that figure applied)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363. The lodestar can then be adjusted upon consideration of the factors outlined in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), to determine the reasonableness of the award. *Id.* at 364 n. 8.[1]

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance

The Court has carefully reviewed Plaintiffs' billings and time sheets. Plaintiffs' counsels' billing rates are reasonable in light of the prevailing market rates in this district, but the Court finds it appropriate to reduce the fees requested by Plaintiffs due to excessive and duplicative entries, such as for time spent researching legal issue. The resulting total hours are as follows: (1) Marcella Ballard: 24.2 hours; (2) Melissa McLaughlin: 10.3 hours; (3) Victoria Danta: 20.7 hours; (4) Sharoni Finkelstein: 1.7 hours; (5) Gianna Cricco-Lizza: 6.4 hours; (6) Maria Sintra: 14.6 hours; and (7) Matthew Renick: .8 hours. Accordingly, Plaintiffs' adjusted attorneys' fees total $48,015.50.

Additionally, the Court finds Plaintiffs' costs unreasonable and inadequately detailed. First, the total amount of costs requested, $5,288.09, does not correlate with the total of the itemized costs on the invoices. (*See* Doc. No. 96, Ex. A at 15, 22.) Second, the descriptions of the various taxi and meal costs are not adequate to indicate to the Court that these costs are business-related. Finally, the costs are inexplicably and unreasonably high. For example, the hotel costs are unjustifiably high; $715.01 is sought for a two-night hotel stay for John Hood and $1,000.18 is sought for a hotel stay of an unspecified duration, presumably two nights, for Marcella Ballard. Even in Los Angeles, hotel rooms at the price of $350 to $500 per night are excessive. Similarly, the flight costs, such as $3,261 for what appears to be a roundtrip flight from New York to

---

of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

Los Angeles, are excessive.  The Court therefore denies recovery of Plaintiffs' costs associated with this Motion.

In sum, the Court awards Plaintiffs attorneys' fees in the amount of $48,015.50 in association with the Motion for Contempt.

**IT IS SO ORDERED.**